```
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
```

```
ROBERT E. GLENN, as Trustee of  )
the T.A. CARTER, JR. and        )
JEANETTE W. CARTER REVOCABLE    )
TRUST,                          )
                                )  Civil No. 2005-145
            Plaintiff,          )
                                )
        v.                      )
                                )
OSWAINIO DUNLOP                 )
                                )
            Defendant.          )
```

APPEARANCES:

**Gregory H. Hodges**
**Justin K. Holcombe**
Dudley Topper & Feuerzeig
St. Thomas, U.S.V.I.
   *For Robert E. Glenn, as Trustee of the T.A. Carter, Jr. and*
   *Jeanette W. Carter Revocable Trust,*

**Oswainio Dunlop**
St. Thomas, U.S.V.I.
   *Pro se defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Oswainio Dunlop ("Dunlop") to reopen this case.

In September 2005, Robert E. Glenn ("Glenn") filed a complaint on behalf of the trustee of the T.A. Carter, Jr. and Jeanette W. Carter Revocable Trust (the "Trust") against Dunlop. Glenn asserted various claims arising out of Dunlop's actions with respect to certain property (the "Property").

A bench trial was conducted from September 22, 2008, to September 23, 2008. In a May 23, 2009, Memorandum Opinion, following trial, the Court denied the Trust relief on all of its tort claims. The Court held that the Trust owns the Property in fee simple absolute and that Dunlop has no ownership interest in the Property. Additionally, the Court held that the Trust was entitled to a declaratory judgment to that effect. The Court also held that the Trust was entitled to an injunction compelling Dunlop to remove the documents that he recorded against the Property. The Court prohibited Dunlop from recording additional documents against the Property.

The Court's judgment enjoined Dunlop from prospectively recording additional documents. The Court subsequently amended the judgment. The amended judgment required Dunlop to "remove any and all documents he has recorded against the Property." ECF No. 129 at 2.

On April 9, 2012, Glenn filed a motion to dismiss his remaining claims against Dunlop. On May 3, 2012, the Court granted Glenn's motion.

On May 3, 2017, Dunlop filed a pro se motion. The motion states, in its entirety: "Would like to reopen this case on the order date 5/3/201 [sic]." ECF No. 140. On June 2, 2017, Dunlop filed a second pro se motion. Similarly, the second motion

states: "Would like to reopen this cast [sic] on the order date 05/03/2012." ECF No. 142.

Motions to reopen are governed by Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *See DeMatthews v. The Hartford Ins. Co.*, 402 F. App'x 686, 689 (3d Cir. 2010). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Dunlop has indicated that he "[w]ould like to reopen this case." *See* ECF No. 140. He has not explained why the Court should do so. *Cf. Nieves v. Rivera*, Civil Action No. 2014-0029, 2017 U.S. Dist. LEXIS 27862, at *2-3 (D.V.I. Feb. 28, 2017) ("Plaintiff has failed to allege any circumstances, much less extraordinary ones, which would justify reopening the case under

the Rule 60(b) standard. In the absence of any legitimate grounds upon which the case should be reopened, Plaintiff's Motion will be denied.").

The premises considered, it is hereby

**ORDERED** that the motions to reopen docketed at ECF Number 140 and ECF Number 142 are **DENIED**.

S\_____
    **Curtis V. Gómez**
    **District Judge**